UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEREMY SCOTT BECKER,

    Petitioner,
v.                                                  Case No. 5:22-cv-294/TKW/MAL

WARDEN, F.C.I. MARIANNA

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Jeremy Scott Becker initiated this case by filing a petition for writ of habeas corpus in December of 2022. ECF No. 1. In his amended petition, he sought prior custody credit for 15 months he served in the custody of the U.S. Marshal, from May 18, 2004 through August 29, 2005. ECF No. 11 at 3. On May 3, 2023, the Warden responded in opposition, noting Becker had been in primary custody of the State of Nevada during that time, and he "had merely been 'borrowed' by the United States via writ of habeas corpus *ad prosequendum* for purposes of his federal prosecution." ECF No. 14 at 7. Becker did not file a reply, and he has not filed anything further with the Court.

At the time he filed his petition, Becker was in custody at the Federal Correctional Institution in Marianna, Florida. By December of 2023, he was

transferred to the supervision of the Residential Reentry Management Office in Phoenix, Arizona. The only address provided for RRM Phoenix is for staff mail. *See* https://www.bop.gov/locations/ccm/cph/. Becker never filed a notice of change of address with this Court, despite having been warned that failure to do so could result in a recommendation of dismissal of his case. *See* ECF No. 7 at 3. BOP records reflect Becker was released on February 28, 2024. *See* https://www.bop.gov/inmateloc/.

Also on February 28, 2024, the undersigned entered an order directing Becker to show cause why his case should not be dismissed either for his failure to keep the court apprised of his current address or as moot due to his release. He was advised that failure to respond to the order would result in a recommendation of dismissal of this case. The show cause response was due on March 29, 2024, but Becker has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including

dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241, ECF No. 11, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on April 11, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.